**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

CONTINENTAL CASUALTY COMPANY,
Plaintiff,

v. Civil Action No. 5:26-cv-01329

YOURWAY TRANSPORT, INC.,
Defendant.

**DEFENDANT YOURWAY TRANSPORT, INC.'S REPLY IN FURTHER SUPPORT OF ITS MOTION TO DISMISS, OR IN THE ALTERNATIVE, STAY PROCEEDINGS**

## INTRODUCTION

The Court should reject the arguments raised in Continental Casualty Company's ("Continental") Opposition (the "Opposition" or "Opp.") and dismiss the First Amended Complaint because it raises issues that are unripe and seeks advisory opinions.[1] As an initial matter, Continental acknowledges that the duty to defend and the duty to indemnify are separate coverage obligations, yet it improperly treats them as one and the same in the FAC. Each and every count seeks declarations ***both*** with respect to defense and indemnity, despite the distinct nature of the associated facts and relevant legal standard. Continental also does not dispute that a final indemnity amount, if any, is dependent on an appeal that has not been decided. It does not dispute that it seeks declarations regarding indemnification of settlements and appeals that have not happened—and therefore cannot dispute that it seeks advisory opinions regarding the same. For all these reasons, the FAC is facially deficient.

In an attempt to survive the Motion, Continental asserts that declarations involving its duty to defend are ripe, and, therefore, so are its indemnity declarations. But that is not the standard. Rather, governing ripeness principles dictate that declarations on the duty to indemnify are not ripe when based on contingent or hypothetical liability. Courts regularly permit duty to defend declaratory judgment counts to proceed while dismissing or staying indemnity counts.[2] What's more, Continental did not plead separate causes of action for the duty to defend and duty to

---

[1] Defined terms in the Motion have the same meaning herein.

[2] *See Greater New York Mut. Ins. Co. v. Phila. Indem. Ins. Co.*, No. 11-CV-00451, 2014 WL 12980755, at *9 (M.D. Pa. Sept. 5, 2014), *R&R adopted*, 2015 WL 13938261 (M.D. Pa. Feb. 4, 2015); *In re Spree.com Corp.*, Nos. 00-34433DWS, 02-0278, 2002 WL 1586274, at *5 (Bankr. E.D. Pa. June 20, 2002), *modified*, 295 B.R. 762 (Bankr. E.D. Pa. 2003); *Slate Bar & Lounge, Inc. v. Founders Ins. Co.*, No. 15-CV-02251, 2017 WL 4681311, at *7 (M.D. Pa. Oct. 18, 2017).

indemnify—as drafted, it is unclear what allegations Continental asserts falls within each, and, accordingly, dismissal is warranted.[3] Alternatively, the Court should stay this action until the Underlying Action and all appeals are finally resolved. Any purported prejudice suffered by Continental as a result of the imposition of a stay is of its own making. It has been providing a defense to Yourway as of November 16, 2023, and only brought this coverage action on the first day of the underlying trial two and a half years later.

## ARGUMENT

In its Opposition, Continental separately analyzes the duties to defend and indemnify. However, that is plainly not how its FAC is structured. In Counts I through VI, Continental pleads blanket allegations referencing the underlying record, including trial transcripts, and proceeds to request blanket declarations for defense and indemnity based thereon. Continental's attempt to argue that it has no duty to defend at the pleading stage by relying on evidence outside the complaint and policy is unavailing, and regardless, the indemnity declarations are not ripe.

### A. Continental's duty to defend is determined by analyzing the underlying complaint and the policy.

An insurer's duty to defend is triggered when the complaint's factual allegations, taken as true, support a recovery under the policy. When determining a duty to defend, Pennsylvania courts do not consider extrinsic evidence, including, for example, trial transcripts. *See Nationwide Mut. Ins. Co. v. Arnold*, 2019 PA Super 213, 214 A.3d 688, 695 (2019). Based on the underlying complaint, Continental agreed, subject to a reservation of rights, to defend Yourway in the Underlying Action for the past two and a half years. It was only on the eve of the trial in the

[3] *See Grande v. Starbucks Corp.*, No. 18-04036, 2019 WL 1455445, at *3 (E.D. Pa. Apr. 2, 2019) (dismissing complaint that "[did] not separate[e] into a different count each cause of action or claim for relief") (citation omitted).

Underlying Action, after Continental refused to settle the Underlying Action within policy limits, that Continental changed its position. Now, relying on facts adduced *at trial*, *after* Continental filed this action, Continental seeks to evade its duty to defend by relying on extrinsic evidence that has no bearing on the duty to defend analysis.[4] This is further evidence of Continental attempting to erroneously comingle the defense and indemnity analysis, which forms the basis for the Motion.

**B. The duty to defend does not automatically confer ripeness on the duty to indemnify.**

Continental asserts that, because it disputes its defense obligations, the declarations relating to the duty to indemnity are also ripe now. They are not, however, subject to the same facts or legal analysis. The duty to indemnify depends on facts that establish the insured's *actual* liability for covered damages.[5] Courts in this Circuit regularly bifurcate the ripeness analysis of the duty to defend and duty to indemnify—and dismiss or stay indemnity declarations based on unresolved liabilities. In *American States Insurance Co. v. Component Technologies, Inc.*, the court stated that the duty to defend "is based solely on a reading of the complaint, and is not contingent on the imposition of liability" and "is an entirely distinct determination." 420 F. Supp. 2d 373, 376 (M.D. Pa. 2005) (finding that indemnity was not ripe). By way of further example, in *Liberty Mutual Fire Insurance Company v. Harleysville Worcester Insurance Company*, the court considered a combined duty-to-defend and duty-to-indemnify declaratory judgment count but analyzed each duty separately. 524 F. Supp. 3d 462, 471 (E.D. Pa. 2021). The court determined that, while the

[4] *Penn-Am. Ins. Co. v. Peccadillos, Inc.*, 2011 PA Super 176, 27 A.3d 259, 265 (2011) ("An insurer may not justifiably refuse to defend a claim against its insured unless it is clear from an examination of the allegations in the complaint and the language of the policy that the claim does not potentially come within the coverage of the policy.") (citation omitted).

[5] *Home Ins. Co. v. Perlberger,* 900 F.Supp. 768, 773 (E.D. Pa. 1995) (noting that the adversity of the party's interests as to the duty to indemnify is not complete until after resolution of the underlying litigation, when it is clear whether the insured can assert an indemnity claim against the insurer).

count sufficiently pled the duty to defend, the count was not ripe "as it pertain[ed] to" the duty to indemnify because there was no established underlying liability. *Id.* Accordingly, the court stayed the count to the extent it related to the duty to indemnify and determined that "no judgment will be entered until the claim becomes ripe." *Id.*[6]

Contrary to Continental's characterization, *ACandS, Inc. v. Aetna Casualty & Surety Company*, 666 F.2d 819 (3d Cir. 1981), does not stand for the proposition that indemnity claims are immediately ripe when the parties disagree on the duty to defend. Opp. at 13, 17–18. *ACandS* involved at least 800 lawsuits in asbestos litigation and, in denying the request to dismiss the indemnification declarations, the court placed great emphasis on the fact that liability through judgment or settlement was a virtual certainty and a ruling on indemnity would be helpful for the parties' settlement strategy. *In re Spree.com Corp.*, 2002 WL 1586274, at *5 (discussing *ACandS*). "Even in *Step–Sayer* and afterwards the Third Circuit has noted that adversity and conclusiveness may be found where the contingency upon which the declaratory judgment rests is 'certain to occur.'" *Id.* (finding indemnification claims unripe because party was "not facing thousands of lawsuits, and his liability in the Underlying Action is far from certain."). Here, liability on a single appeal is far from virtual certainty.

[6] Similar results have been reached when declarations with respect to defense and indemnity are pursued in one count. *See Hiscox Ins. Co., Inc. v. MRB Lawn Servs.*, 692 F. Supp. 3d 486, 490 (E.D. Pa. 2023) (dismissing duty to defend claim and determining duty to indemnify would not be ripe "unless judgment is entered in the underlying state court action."); *Nat'l Liab. & Fire Ins. Co. v. Sternberg*, No. 24-01749, 2025 WL 2214081, at *9 (E.D. Pa. Aug. 1, 2025) (finding no duty to defend but dismissing duty to indemnify claims without prejudice as unripe); *AMCO Ins. Co. v. AIM Leasing*, No. 21-2741, 2023 WL 2163914, at *4 (E.D. Pa. Feb. 21, 2023) (denying motion for judgment on the pleadings as to a duty to defend claim and determining duty to indemnify claim was not ripe); *Republic Franklin Ins. Co. v. Ebensburg Ins. Agency*, 542 F. Supp. 3d 315, 327 (M.D. Pa. 2021) (determining duty to defend should be dismissed with prejudice and duty to indemnify should be dismissed without prejudice as unripe), *judgment entered*, 581 F. Supp. 3d 680 (M.D. Pa. 2022), and *aff'd*, 2023 WL 3918743 (3d Cir. June 9, 2023).

In *American States Insurance Company v. Component Technologies*, the Court observed that *ACandS* "says nothing regarding the ripeness of an insurer's declaratory judgment action to determine its duty to indemnify an insured for damages that have *yet to be established*." 420 F. Supp. 2d at 375–76 (emphasis added). Continental's use of (1) *Empire Fire & Marine Ins. Co v. Leon*, No. 3:20-CV-01143, 2021 U.S. Dist. LEXIS 65532 (M.D. Pa. Apr. 5, 2021) (cited in Opp. at 14–15); and (2) *Continental Casualty Company v. Westfield Insurance Company*, No. 16-5299, 2017 WL 1477136 (E.D. Pa. Apr. 24, 2017) (cited in Opp. at 6, 15), is not instructive because those cases rely on *ACandS* and its unique scenario to analyze the duties to defend and indemnify.

Continental's reliance on *Trustgard Insurance Company v. Fagan* is likewise misplaced. There, the court dismissed every duty-to-indemnify declaratory judgment count as unripe because the underlying action was not resolved. No. 18-00714, 2018 WL 3631935, at *4–5 (M.D. Pa. July 13, 2018) (adhering to "general rule" that an action "seek[ing] declaratory relief related to [the insurer]'s duty to indemnify prior to a decision on its insured liability" is not ripe). The court only permitted the separately pled duty-to-defend counts to proceed. While these counts used the language "no duty to defend or indemnify" in their ultimate declaration requests, they only alleged facts stemming from the underlying complaint, not other extrinsic evidence. *See* Complaint for Declaratory Judgment, No. 3:18-cv-00714-ARC (M.D. Pa. April 2, 2018), at 9–11. The *Trustgard* court specifically noted those counts "[p]rincipally" posed a question about the insurer's duty to defend. 2018 WL 3631935, at *5.[7] The true indemnification counts, which the court dismissed as unripe, went beyond the allegations of the underlying complaint and specifically pled facts about the insured's ultimate liability. *See* Complaint for Declaratory Judgment, No. 3:18-cv-00714-ARC

[7] *Trustgard* cited to *Westfield*, 2017 WL 1477136 (cited in Opp. at 6, 15) in upholding the defense declarations. *Westfield* relied on *ACandS* in declining to dismiss combined duty-to-defend and duty-to-indemnify claims and, as previously discussed, *ACandS* is distinguishable from this case.

(M.D. Pa. April 2, 2018), at 11–15.[8] Here, each count in the FAC cites extrinsic evidence, and comingles defense and indemnity requested relief. The counts are not principally raising questions with respect to Continental's duty to defend. Continental seeks declarations associated with indemnification claims *in addition to* (not in the alternative to) duty-to-defend declarations. *See* FAC ¶¶ 93-94, 104-105, 115-116, 124-125, 133-134, 147-148. And Continental relies on extrinsic evidence in support of these requested declarations.[9] Each count in the FAC is akin to the declarations that were dismissed in *Trustgard* and should be dismissed in their entirety here.

### C. Continental's flawed *Step-Saver* analysis provides no justification for the Court to exercise jurisdiction over indemnity issues.

Continental applies the Third Circuit's *Step-Saver* test to argue that it has met its burden in showing ripeness for all Counts in the FAC, but it performs this analysis only with respect to its duty to defend and ***not*** its duty to indemnify. *See* Opp. at 10–14. Continental cannot and does not even assert that it satisfies the *Step-Saver* test as it relates to indemnity, and for this reason its FAC must be dismissed.

#### 1. Continental has not demonstrated adversity among the parties on the issue of indemnity.

Continental cites *Tait v. City of Philadelphia* for the proposition that a party need not wait for harm to occur before seeking declaratory relief. Opp. at 10. However, any alleged harm Continental may experience with respect to the duty to indemnify remains hypothetical and "based on a contingency," and therefore is not ripe. *Tait v. City of Phila.*, 639 F. Supp. 2d 582, 590 (E.D.

---

[8] For example, one of the dismissed counts stated: "If punitive damages are awarded against [the insured], Trustgard is entitled to a declaration that it owes no duty to indemnify [the insured] for any award of punitive damages." *Id.* at 15.

[9] *See, e.g.*, FAC ¶¶ 102, 113 (arguing facts surrounding jury verdict to support indemnity declarations); Opp. at 12–13 (re-asserting facts extrinsic to underlying complaint to support indemnity declarations).

Pa. 2009), *aff'd,*410 F. App'x 506 (3d Cir. 2011). The appeal of the Underlying Action may vacate the judgment, order a new trial, alter the damages award, change the basis for liability, or otherwise narrow or moot the coverage questions. This is precisely the kind of future-event contingency that defeats adversity under *Step-Saver*.[10] Cases allowing declaratory relief for future events involve future harm that is real, immediate, and certain enough to present a concrete dispute. Continental has not made that showing here.

**2. Continental has not proven that a declaratory judgment on indemnity would be sufficiently conclusive.**

The duty to indemnify is decided by looking to the liability actually imposed and the damages actually awarded for covered conduct. Those issues are not fixed. Yourway's appeal challenges, among other things, the jury verdict, the order denying a new trial or remittitur, the partial summary judgment ruling, rulings affecting damages evidence, and the directed verdict on breach. If the Delaware Supreme Court orders a new trial, remittitur, or any other relief that changes the liability or damages posture, any indemnity ruling issued now could become advisory, incomplete, or wrong.[11]

**3. A premature indemnity ruling would have no proper utility regardless of a ruling on the duty to defend.**

Continental's utility argument is likewise entirely based on the duty to defend. Opp. at 13 (Continental asserts that the requested declarations would "resolve the current dispute between the

---

[10] *See Tait v. City of Phila.*, 639 F. Supp. 2d at 590; *Greater New York Mut. Ins. Co. v. Phila. Indem. Ins. Co.*, No. 11-CV-00451, 2014 WL 12980755, at *9 (M.D. Pa. Sept. 5, 2014), *R&R adopted*, 2015 WL 13938261 (M.D. Pa. Feb. 4, 2015).

[11] *See AXIS Ins. Co. v. PNC Fin. Servs. Grp., Inc.*, 135 F. Supp. 3d 321, 324, 328-31 (W.D. Pa. 2015) (discussing that appeals and post-trial activities may be resolved in such a way that renders coverage litigation "meaningless" and may preclude the need for indemnification findings).

parties as to whether Continental continues to owe Yourway a defense in the Underlying Action). Continental completely sidesteps the issue of indemnity ripeness.

**D. The duty to indemnify is not ripe and is independent of the duty to defend because it is contingent upon unresolved liability.**

Continental asserts that "a court can determine that an insurer does not owe a duty to indemnify without awaiting the outcome of the appeal, based on a finding of no duty to defend." Opp. at 14. However, its principal authorities do not hold that a court may decide indemnity whenever a plaintiff also pleads a duty-to-defend issue.

Continental cites *Sikirica v. Nationwide Insurance Company*, 416 F.3d 214 (3d Cir. 2005), for the proposition that a court may purportedly find a duty to indemnify declaration ripe at any time based only on the duty to defend. Opp. at 14. However, that principle is not applicable in a case with uncertain underlying liability. *Sikirica* itself was not a ripeness case—it interpreted coverage obligations after final resolution of the underlying litigation, including *appeal*. *See Sikirica*, 416 F.3d at 217–19. Consequently, *Sikirica* does not provide the correct standard to analyze ripeness because, here, the Underlying Action is on appeal and any finding on indemnification would be premature. As stated in *Component Technologies*, "[w]here there is a duty to defend, the duty to indemnify must await resolution of the underlying suits."[12]

In *Greater New York Mutual Insurance Company*, the court considered two declaratory judgment counts that combined the issues of the duty to defend and duty to indemnify. After finding that the issue of the duty to defend was ripe the court found that the claim for indemnity depended "on the extent of any liabilities and relative factual issues not presently established,

[12] 420 F. Supp. 2d at 376 (quoting *United Nat. Ins. Co. v. Dunbar & Sullivan Dredging,* 953 F.2d 334, 338 (7th Cir.1992)); *see also Kerrigan v. Villei*, 22 F. Supp. 2d 419, 427 (E.D. Pa. 1998) ("the duty to indemnify arises only after the indemnitee is obligated to pay money to a third party").

rendering a conclusive determination *impossible at this time*."[13] Accordingly, the court ordered dismissal of the indemnification claims contained within the two declaratory judgment counts. 2014 WL 12980755, at *13.

The *Greater New York Mutual* court also held that adversity, conclusiveness, and utility were not satisfied under *Step-Saver* when underlying liability remained unresolved. *Id.* at *9. Here, the analysis is the same. Continental's indemnity claims, while based on mere hypotheticals, call for concrete assertions. They are not mere references dropped into duty-to-defend declarations—they seek indemnification declarations that are completely premature at this time. Even if Continental's declarations on the duty to defend are ripe, this Court should follow the *Greater New York Mutual* and *In re Spree* courts to avoid a non-conclusive judgment that would remain "purely academic."[14] Therefore, because the FAC incorporates duty-to-indemnify requests into every count, it should be dismissed.

**E. Continental does not dispute that the First Amended Complaint seeks advisory opinions in violation of Article III standing principles.**

In the FAC, Continental seeks declarations concerning liability by "settlement, judgment, verdict, or appeal." FAC ¶¶ 94, 105, 116, 125, 134, 148; Mot. at 14. And while Yourway seeks

---

[13] 2014 WL 12980755, at *9 (emphasis added); *see also In re Spree.com Corp.*, 2002 WL 1586274, at *4 (finding that duty to defend declaration was ripe but duty to indemnify "remains purely academic until [the insured] is actually found liable in the Underlying Action."); *Cincinnati Ins. Companies v. Pestco, Inc.*, 374 F. Supp. 2d 451, 464–65 (W.D. Pa. 2004) ("a court entertaining a declaratory judgment action in an insurance coverage case should refrain from determining the insurer's duty to indemnify until the insured is found liable for damages in the underlying action."); *Sphere Ins. Co. v. Rosen*, No. 85-2654, 1985 WL 3572, at *3 (E.D. Pa. Nov. 6, 1985) (finding indemnity declaration "premature" because it "[sought] an adjudication of a matter which may never arise" because the underlying plaintiff "may not prevail in her suit.").

[14] *Greater New York Mutual*, 2014 WL 12980755, at *13 (dismissing indemnification declarations); *In re Spree.com Corp.*, 2002 WL 1586274, at *9 (dismissing indemnification declarations without prejudice).

dismissal on the basis that the FAC seeks improper advisory opinions, Continental does not respond to this argument and remains silent. Continental does not explain how a nonexistent settlement can support declaratory relief. It does not explain how the Court can decide indemnity for an appeal before the appeal is resolved. And it does not address the constitutional prohibition against advisory opinions. Thus, Continental has no indemnity-related live case or controversy.

### F. If dismissal is not granted, a stay remains the proper alternative relief.

In opposing a stay, Continental contends that "delaying a determination with respect to Continental's duty to defend and indemnify Yourway would be unfairly prejudicial to Continental by requiring Continental to continue funding the defense of a claim that is not covered[.]" Opp. at 17. But the only prejudice Continental identifies relates to its alleged duty to defend. However, that prejudice is of Continental's own making, by waiting two and a half years before seeking a declaration with respect to its duty to defend. Continental does not explain how a stay would prejudice it with respect to indemnity, nor could it. Because of the nature of Continental's pleadings, which improperly comingle defense and indemnity, the FAC should be stayed.

## CONCLUSION

For these reasons, Yourway respectfully requests that Yourway's Motion be granted.

Dated: June 9, 2026

Respectfully submitted,

**PILLSBURY WINTHROP SHAW PITTMAN LLP**
BY: /s/ *Matthew Stockwell*
Matthew Stockwell
Janine Stanisz (admission *pro hac vice*)
31 West 52nd Street
New York, NY 10019
212-858-1075
matthew.stockwell@pillsburylaw.com
janine.stanisz@pillsburylaw.com

*Attorneys for Defendant Yourway Transport, Inc.*

## CERTIFICATE OF SERVICE

I certify that on June 9, 2026, I caused the foregoing Reply in Further Support of Defendant Yourway Transport, Inc.'s Motion to Dismiss, or in the Alternative, Stay Proceedings to be filed using the Court's CM/ECF system, which will serve all counsel of record. This certificate is submitted as the written statement of the date and manner of service required by Local Civil Rule 7.1(d).

/s/ Matthew Stockwell
Matthew Stockwell